IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00002-PAB-KMT

FABIOLA MENDOZA,
AMANDA MUÑOZ,
JOSE "ALBERT" GOMEZ, and
ISIDRO HERNANDEZ, on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

VALLEY PARK APARTMENTS, INC.,
SJW MANAGEMENT, INC.,
WILLIAM WESLEY HEWITT, and
STEVE SUTTER,

    Defendants.

---

# ORDER

---

This matter is before the Court on Defendants' Joint Motion to Dismiss Plaintiffs' Claims [Docket No. 23] filed by defendants Valley Park Apartments, Inc. ("VPA"); SJW Management, Inc. ("SJW"); William Wesley Hewitt, an owner and manager of VPA; and Steve Sutter, an owner and manager of VPA, on February 28, 2013.  Plaintiffs Fabiola Mendoza, Amanda Muñoz, Jose "Albert" Gomez, and Isidro Hernandez filed this action on January 2, 2013 to recover allegedly unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and to an alleged employment contract.[1]  Docket No. 1.

---

[1] Plaintiffs also brought a claim pursuant to the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. §§ 8-6-101 *et seq*. Docket No. 1 at 13, ¶¶ 67-74.  However, in their response to defendants' motion to dismiss, plaintiffs waived their CMWA claim

On February 28, 2013, defendants moved to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or, in the alternative, to obtain a more definite statement under Rule 12(e).  Docket No. 23 at 1.  On June 10, 2013, defendants filed notices that Mr. Gomez, Mr. Hernandez, and Ms. Mendoza accepted offers of judgment made pursuant to Rule 68 with respect to their claims under the FLSA.  Docket Nos. 40-42.  Judgment was entered accordingly on June 11, 2013.  Docket Nos. 43-45.  The state law breach of contract claims asserted by Ms. Mendoza and Ms. Muñoz are still at issue.  *See* Docket No. 42 at 2.

In the absence of a pending FLSA claim, the Court declines to exercise supplemental jurisdiction over the breach of contract claims.  *See* 28 U.S.C. § 1367(c)(3); *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) ("pendent jurisdiction over state claims is exercised on a discretionary basis and . . . if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (internal citations and alterations omitted).  Accordingly, it is

**ORDERED** that Defendants' Joint Motion to Dismiss Plaintiffs' Claims [Docket No. 23] is DENIED as moot.  It is further

**ORDERED** that Plaintiffs' Motion for Leave to File a Surreply to Defendants' Reply in Support of their Motion to Dismiss [Docket No. 32] is DENIED as moot.  It is further

**ORDERED** that plaintiffs' third claim for relief is DISMISSED without prejudice

---

and their request for class certification under Federal Rule of Civil Procedure 23, which applied to their second and third claims.  Docket No. 24 at 2.

with respect to plaintiffs Amanda Muñoz and Fabiola Mendoza.  It is further

    **ORDERED** that this case is DISMISSED.

    DATED June 20, 2013.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge